IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

CONTINENTAL WESTERN )
INSURANCE COMPANY, )
 )
          Plaintiff, )
 )
vs. )   Case No. 15-0787-CV-W-ODS
 )
SPBSMO, INC., )
d/b/a SIDEPOCKETS, et al., )
 )
          Defendants. )

## ORDER FINDING ESTATE OF DUSTIN MORTON IN DEFAULT AND DENYING PLAINTIFF'S MOTION FOR ENTRY OF JUDGMENT BY DEFAULT

    Several motions are pending in this matter. At this time, Plaintiff's Motion for Entry of Default Against the Estate of Dustin Morton (Doc. #12) and Plaintiff's Motion for Judgment by Default (Doc. #13) are ripe for consideration. For the following reasons, the Court grants Plaintiff's Motion for Entry of Default but denies Plaintiff's Motion for Judgment by Default.

    The Estate of Dustin Morton was served with the complaint on October 29, 2015, but failed to timely file an answer. Fed. R. Civ. Pro. 12(a). In early February 2016, Plaintiff filed the above-referenced motions. The Estate of Dustin Morton did not timely respond to Plaintiff's motions. On February 26, 2016, the Court issued an order directing the Estate of Dustin Morton to show cause why default judgment should not be entered against it. Doc. #24. The Estate of Dustin Morton responded to the Order, stating it "does not object to an entry of default against it." Doc. #24, at 2. The Court, therefore, grants Plaintiff's Motion for Entry of Default (Doc. #12), and finds the Estate of Dustin Morton to be in default. Plaintiff's allegations are deemed admitted against the Estate of Dustin Morton.

    With regard to Plaintiff's Motion for Entry of Judgment by Default, which the other Defendants oppose, Plaintiff appears to seek a judgment against all Defendants, even those not in default, based upon the default of the Estate of Dustin Morton. "When a

[finding of] default is entered against one defendant in a multi-defendant case, the preferred practice is for the court to withhold granting a default judgment until the trial of the action on the merits against the remaining defendants." *Safeco Ins. Co. of Am. v. Stephenson*, No. 06-4294-CV-C-NKL, 2007 WL 2026389, at * 1 (W.D. Mo. July 9, 2007) (quoting *Northland Ins. Co. v. Cailu Title Corp.,* 204 F.R.D. 327, 330 (W.D. Mich. 2000)). Because three non-defaulting Defendants remain in this matter, the Court finds that no final decree on the merits should be entered against the Estate of Dustin Morton until the matter is disposed of as to the remaining defendants. Accordingly, the Court denies Plaintiff's Motion for Entry of Judgment of Default (Doc. #13).

IT IS SO ORDERED.

DATE: March 3, 2016

/s/ Ortrie D. Smith
ORTRIE D. SMITH, SENIOR JUDGE
UNITED STATES DISTRICT COURT