IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

CONTINENTAL WESTERN )
INSURANCE COMPANY, )
 )
      Plaintiff, )
 )
vs. ) Case No. 15-0787-CV-W-ODS
 )
SPBSMO, INC., )
d/b/a SIDEPOCKETS, et al., )
 )
      Defendants. )

ORDER AND OPINION (1) GRANTING DEFENDANTS' MOTION TO DISMISS,
(2) DENYING AS MOOT PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT,
(3) DENYING AS MOOT PLAINTIFF'S MOTION TO AMEND COMPLAINT,
AND (4) DENYING AS MOOT AND DEFENDANTS'
<u>MOTION TO STAY MOTION FOR SUMMARY JUDGMENT</u>

Pending is Defendants' Motion to Dismiss. Doc. #11. Also pending are Plaintiff's Motion for Summary Judgment (Doc. #17), Plaintiff's Motion to Amend Complaint (Doc. #22), and Defendants' Motion to Stay Motion for Summary Judgment (Doc. #29). For the following reasons, Defendants' Motion to Dismiss is granted, and the remaining motions are denied as moot.

I. <u>BACKGROUND</u>

On September 14, 2013, Kylan Farris and Dustin Morton were guests at Side Pockets, a bar and pool hall. Morton left Side Pockets intoxicated, driving his car in excess of the speed limit. Farris was a passenger in the car. Morton lost control of his car, and both Morton and Farris died as a result of a collision. A wrongful death action was filed in the Circuit Court of Jackson County, Missouri, against Side Pockets. A bench trial was held on January 26, 2016, and the state court entered a judgment in the amount of $5,000,000 (plus costs) in favor of Farris's parents and his minor child (collectively, "Farris family") against Side Pockets.

On February 1, 2016, the Farris family, as judgment creditors, filed a Petition for Equitable Garnishment in the Circuit Court of Johnson County, Missouri. The Farris family asks that a money judgment be entered against Continental Western Insurance Company ("Continental Western") and Continental Western pay the Farris family all benefits owed under the insurance policies issued by Continental Western to Side Pockets.

In the meantime, in October 2015, Continental Western filed the above-captioned matter seeking a determination that the Continental Western policies issued to Side Pockets do not provide coverage for any of the claims asserted in the wrongful death action. Doc. #1. On February 2, 2016, Defendants filed a motion seeking dismissal of this matter, arguing there is a parallel state court action and the issues can be better settled in state court. Since then, Continental Western filed a motion for summary judgment and a motion to amend its complaint to include the decedent's minor child. Defendants filed a motion seeking a stay of the briefing on the summary judgment motion.

## II. DISCUSSION

Under the Declaratory Judgment Act, a court "<u>may</u> declare the rights…of any interested party seeking such declaration." 28 U.S.C. § 2201(a) (emphasis added). "[D]istrict courts possess discretion in determining whether and when to entertain an action under the Declaratory Judgment Act, even when the suit otherwise satisfies subject matter jurisdictional prerequisites." *Wilton v. Seven Falls Co.*, 515 U.S. 277, 282 (1995). "The question for a district court presented with a suit under the Declaratory Judgment Act…is 'whether the questions in controversy between the parties to the federal suit, and which are not foreclosed under the applicable substantive law, can better be settled in the proceeding pending in the state court.'" *Id.* (quoting *Brillhart v. Excess Ins. Co. of Am.*, 316 U.S. 491, 495 (1942)). "If a district court, in the sound exercise of its judgment, determines after a complaint is filed that a declaratory judgment will serve no useful purpose, it cannot be incumbent upon that court to proceed to the merits before staying or dismissing the action." *Id.* at 288.

2

The Eighth Circuit has instructed that a district court's "key consideration…is 'to ascertain whether the issues in the controversy between the parties to the federal action…can be better settled by the state court' in light of the 'scope and nature of the pending state court proceeding.'" *Evanston Ins. Co. v. Johns*, 530 F.3d 710, 713 (8th Cir. 2008) (quoting *Capitol Indem. Corp. v. Haverfied*, 218 F.3d 872, 874 (8th Cir. 2000)).  If the issues would be better settled in the state court proceeding, "the district court must dismiss the federal action because 'it would be uneconomical as well as vexatious for a federal court to proceed in a declaratory judgment suit where another suit is pending in a state court presenting the same issues, not governed by federal law, between the same parties.'" *Capitol Indem.*, 218 F.3d at 874-75 (quoting *Brillhart*, 316 U.S. at 495)); *see also Evanston Ins. Co.*, 530 F.3d at 713.

This case is similar to *Capitol Indemnity Corporation v. Haverfield*.  After suit was filed against the insureds, Capitol Indemnity filed a declaratory judgment action in federal court contending the claims against the insureds were excluded from coverage. 218 F.3d at 873-74.  While the declaratory judgment action was pending, the state court entered judgment against the insureds, and the state court plaintiffs filed a garnishment action against Capitol Indemnity.  *Id.* at 874.  The Eighth Circuit determined the district court abused its discretion by failing to dismiss or stay the declaratory judgment action. *Id.* at 875 (remanding the case to the district court with instructions that the case be dismissed).  The Eighth Circuit noted the state and federal actions involved the same parties, the same issue, the same insurance policies, and the same arguments.  *Id.*

In considering the pending motion to dismiss, the Court has weighed several factors.  First, this proceeding and the state court proceeding are parallel.  The same issues are being litigated by the same parties (with the exception of Farris's minor child, who Continental Western seeks to add as a party in this matter) in different forums. *Scottsdale Ins. Co. v. Detco Indus., Inc.*, 426 F.3d 994, 997 (8th Cir. 2005) (stating that suits are parallel if "substantially the same parties litigate substantially the same issues in different forums.") (citation omitted).  The same insurance policies are at stake, and the parties are asserting the same arguments.

Second, the garnishment action, although filed after this case commenced, is further along.  According to Defendants, Continental Western has already filed an

3

answer in the garnishment action, and discovery has commenced.  Defendants have also filed a motion for more definite statement, and have issued notice for a hearing.  In this matter, the parties do not have to conduct their Rule 26 conference or submit their proposed scheduling order until April 2016.  Doc. #21.  Discovery has not commenced.

Third, there are no issues of federal law, and the controversy can be better settled by the state court.  Insurance contract interpretation is governed by state law.  Notably, Continental Western represents to this Court "that the question as to coverage under its Policies is straightforward…."  Doc. #19, at 6.  And the issue of whether Side Pockets's insurance policy provides coverage can be effectively presented and adjudicated in the state court proceeding.

Fourth, if this Court were to continue adjudicating this matter, there would be a risk of conflicting outcomes.  And, it is uneconomical for this Court to proceed with this action, forcing the parties to litigate the same issues and make the same arguments in two separate forums.

Finally, Continental Western contends that because it filed its declaratory judgment action before the Farris family filed its garnishment action, its lawsuit should have priority and be allowed to proceed.  Doc. #19, at 8.  The first-to-file rule, however, is not absolute.  *See Cincinnati Ins. Co. v. R&L Siding, Inc.*, Case No. 2:01-CV-4091-NKL (W.D. Mo. June 21, 2002) (dismissing a declaratory judgment matter even though it had been pending longer than the state court garnishment action and stating that "the Court does not believe that the timing of [the declaratory judgment action] in comparison with the [garnishment action] is of significant import"); *see also Koch Engineering Co. v. Monsanto Co.*, 621 F. Supp. 1204, 1207 (E.D. Mo. 1985) (citation omitted) (dismissing a declaratory judgment action in favor of later filed state court matter).  In the context of this matter and the status of the parallel state court action, the Court is not compelled to strictly follow the first-to-file rule when determining whether to exercise jurisdiction under the Declaratory Judgment Act.  *See e.g.*, *HBE Corp. v. Burrus*, Case No. 4:09-CV-906, 2009 WL 3517532, at * 4 (E.D. Mo. Oct. 23, 2009) (citations omitted).

Based upon all of these factors, the Court declines to exercise jurisdiction over Continental Western's declaratory judgment action.  Following a decision to abstain from adjudicating a declaratory judgment action, this Court has discretion to dismiss or

stay the federal action. The state court action will in all likelihood completely resolve the case, and Continental Western has not set forth any argument as to any circumstances under which further federal proceedings may prove necessary. Based upon the information and arguments before the Court, it is improbable that this matter will return to federal court. Accordingly, the Court elects not to stay this matter. The Court grants Defendants' motion to dismiss and denies as moot the other pending motions.

### III.     CONCLUSION

Defendants' motion to dismiss is granted. Plaintiff's motion for summary judgment and motion to amend are denied as moot, and Defendants' motion to stay briefing on Plaintiff's motion for summary judgment is denied as moot.

IT IS SO ORDERED.

/s/ Ortrie D. Smith
ORTRIE D. SMITH, SENIOR JUDGE
DATE: March 18, 2016                    UNITED STATES DISTRICT COURT